IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN K. DOWD,                          )
                                       )
        Plaintiff,                     )
                                       )
    -vs-                               )        Civil Action No. 08-1272
                                       )
COMMISSIONER OF                        )
SOCIAL SECURITY,                       )
                                       )
        Defendant.                     )

## MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.                            July 24, 2009

        This is an appeal from the final decision of the Commissioner of Social Security denying
plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act.
Jurisdiction is proper pursuant to 42 U.S.C. § 405 (g). Plaintiff, Dawn K. Dowd, alleges that the
Administrative Law Judge's ("ALJ") decision that she is not disabled, and therefore not entitled
to Disability Insurance Benefits, should be remanded due to several procedural and substantive
flaws with the ALJ's decision.

        Plaintiff protectively filed an application for Disability Insurance Benefits on October 10,
2003 alleging that she had been unable to work since June 30, 2003. (R. 50-52). After the claim
was denied, a hearing was held before the ALJ. (R. at 356-385). On November 23, 2005, the ALJ
found that plaintiff was not disabled at which Plaintiff, who was represented by counsel,
testified. (R. 340-352). On December 7, 2005, the ALJ issued a decision making several findings
regarding an old SSI decision and finding that plaintiff was not disabled. (R. at 21-25). The
Appeals Council denied plaintiff's request for review on July 18, 2008. (R. at 5-7). After thus
exhausting her administrative remedies, plaintiff commenced this action against the
Commissioner pursuant to 42 U.S.C. § 405 (g).

When resolving the issue of whether a claimant is disabled and whether a claimant is entitled to DIB benefits, the Social Security Administration applies a five step analysis. 20 C.F.R. § 404.1520 (a). The ALJ must determine: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment whether it meets or equals the criteria listed in 20 C.F.R. pt. 404. subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case, the ALJ made the following findings in his decision of December 7, 2005:

> 1. The claimant met the disability insured status requirements of the Act on June 30, 1982, the date the claimant stated she became unable to work, but was last insured on June 30, 1984.
>
> 2. The decision issued on December 28, 1994 by another Administrative Law Judge, finding that the claimant had been disabled in the past but ceased to be disabled in December 1993 is administratively final and binding. The claimant's instant application comes too late to provide a basis for reopening this decision. While revisions to the Listings of Impairments in Social Security disability law prevent the application of the doctrine of res judicata, the procedural history of this matter places a weighty procedural burden upon the claimant, and described in the body of this decision.
>
> 3. The claimant has not engaged in a substantial gainful activity since the allege onset of disability.
>
> 4. The medical evidence establishes that on or prior to the date last insured, the claimant had a history of anxiety and depression and had been treated for a shoulder injury and various transient medical ailments.
>
> 5. The claimant did not have any medically determinable impairment that was present on or prior to the date last insured and existed continuously, at a functionally significant level, until the

2

period covered by this application. She had no impairment that continuously caused more than a minimal loss of ability to perform basis physical or mental work activities. She therefore has not proven the continuous existence of a "severe" impairment or impairments. (20 C.F.R. 404.1521).

6. The claimant was not under a disability, as defined by the Social Security Act, at any time on or prior to June 30, 1984, the date last insured (20 C.F.R. 404.1520(c)).

(R. 24-25).

The case before this Court requires an analysis of whether the ALJ, in fact, reopened the previous agency decisions that were made on Plaintiff's claims. In his opinion of December 7, 2005, ALJ Kozma stated that "the decision that [Judge DiCenzo] issued on December 28, 1994 stands as the final decision of the Commissioner of Social Security as to the claimant's benefit rights through the date of its issuance. This fact presents a serious procedural bar to relitigating the issue of disability on or prior to the date last insured back in 1984. That bar must stand unless the claimant not only proves continuous disability since 1984, but provides evidence which, had it been available to the late Judge DiCenzo would have compelled him to find that disability did not cease." (R. 22). ALJ Kozma cited two reasons for this finding: 1) that the definition of "disability" was the same for both types of benefits under the SSA and 2) that Plaintiff "had already been found 'not disabled' through the date last insured [by ALJ DiCenzo], for purposes of establishing entitlement to a period of disability and disability insurance benefits." (R. 22).

ALJ DiCenzo's opinion makes no reference to any specific past DIB or SSI applications that were being reopened or considered for the period prior to Plaintiff's date last insured. According to the Field Office Disability Report included in the record, there was an application for DIB that was denied at the initial level on February 22, 1990. (R. 97). There is no evidence that Plaintiff appealed this initial denial. In the December 1994 decision, ALJ DiCenzo specifically reopened only Plaintiff's previous application for SSI benefits filed November 18, 1991 finding an onset date of November 18, 1991. He did not reopen Plaintiff's past application for DIB and there is no evidence that ALJ DiCenzo reviewed the records relating to that claim. The medical records cited in the December 1994 opinion mainly dated back only as early as

3

1989 and no mention is made in ALJ DiCenzo's opinion to them relating back or in any way affecting Plaintiff's status as it stood on or before the date last insured. In the opinion, ALJ DiCenzo stated "good cause is shown to reopen and revise the prior denial determination heretofore made on the claimant's application for supplemental security income filed on November 18, 1991."[1] (Plaintiff's Brief, "Exhibit A", p. 6). Therefore, ALJ DiCenzo's 1994 opinion had no bearing on the finality of the denial of the DIB claim at the initial level in 1990.

    In his 2005 opinion, ALJ Kozma stated that "the Administrative Law Judge does not reopen the determinations rendered by the Social Security Administration in connection with any prior claims." (R. 22). He went on to say, however, that "while the Listings of Impairments in Social Security disability law prevent the application of the doctrine of *res judicata*, the procedural history of this matter places a weighty procedural burden upon the claimant."[2] (R. 25). The ALJ went on to review the medical records provided by Plaintiff in support of her claim and plaintiff's prior medical records from her reopened 1991 and subsequent 1994 claims to determine that the evidence did not "overcome[] the substantial procedural bar created by the prior final decision of Administrative Law Judge DiCenzo."(R. 24).

    In cases where an ALJ explicitly states that he is giving preclusive effect to a prior decision, there is little argument to be made that the case has been reopened. *Kaszer v. Massanari*, 40 Fed. Appx. 686, 692 (3d Cir. 2002). A decision of the agency not to reopen a claim is not judicially reviewable. *See Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, "[w]here the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on

_____

[1] Generally, a case may be reopened for good cause within four years of the date of the notice of initial determination. 20 C.F.R. § 404.988(b).

[2] This statement was apparently included due to the policy of the Social Security Administration. According the Social Security Administration's Program Operations Manuals System or "POMS,"utilized by SSA employees in determining Social Security cases, preclusive effect should not be given to a previous administrative decision if a less restrictive change was made to a Listing involved in the Plaintiff's claim when the date of that change occurred after that of the prior administrative action. *See* POMS Section DI 27516.010 Guides to Determining the Applicability of Res Judicata, https://secure.ssa.gov/apps10/poms.nsf /lnx/0427516010 (last visited 7/21/09).

4

the merits, the agency has effectively reopened the prior claims and waived application of res judicata." *Kane v. Heckler* 776 F.2d 1130, 1132 (3d Cir. 1985)(citing *Purter v. Heckler*, 771 F.2d 682, 695 (3d Cir. 1985)). Concerning whether a prior decision had been addressed, the Court in *Kaszer* held that "the agency must address whether the prior adjudication will be given preclusive effect or whether it will be reopened, and if it does not apply the prior adjudication for its res judicata effects, then a case can be considered re-opened if the ALJ reviewed the entire record in the new proceeding and reached a decision on the merits." *Kaszer*, 40 Fed. Appx. at 693-694.

The ALJ's opinion indicates that he was not reopening the past decisions on Plaintiff's claims, but also includes an analysis which purportedly reviewed of all the prior evidence from the 1991 and 1994 claims and made findings based on the five step process utilized in determining social security claims. Since the ALJ stated that he would not reopen the prior claims, but then determined that the Listing of Impairments precluded him from giving those decisions *res judicata* effect, this Court finds that the decision reopened Judge DiCenzo's 1994 opinion.[3] Strangely, however, ALJ DiCenzo's opinion has no bearing on the period prior to Plaintiff's date last insured as he made no findings relating to that period, analyzed no medical records, save a few, from that period, and did not mention any previous applications for DIB or the records associated with those claims. Decidedly, it should have been the February 22, 1990 determination, referenced in the record, that could that should have been reviewed for its *res judicata* effects as it was ever appealed or in any way reexamined, however, the ALJ focused on the 1991 and 1994 SSI applications and the resulting determination.[4]

---

[3] The Commissioner in his brief acknowledges that "[t]he current ALJ did not apply res judicata to dismiss Plaintiff's request for a hearing....[t]he prior ALJ decision on Plaintiff's Title XVI claim did not operate to bar Plaintiff from filing a subsequent Title II claim." (Commissioner's Brief, p. 8).

[4] A denial at the initial level can be given preclusive effect. "The Social Security regulations give force and finality to the two levels of decisions below the administrative hearing, if such decisions are not appealed. Initial determinations and reconsideration decisions are 'binding' unless a timely appeal is filed. 20 C.F.R. §§ 404.905 and 404.921. The Third Circuit has held that prehearing administrative decisions may be final and properly treated as preclusive of a subsequent claim. *Domozik v. Cohen*, 413 F.2d 5 (3d Cir. 1969)." *McHenry v. Secretary of HHS*, 661 F.Supp. 552, 553 (W.D.Pa. 1987).

This Court fails to understand the reasoning behind the ALJ's reopening of the 1994 decision. Even though the ALJ reopened the 1991 SSI claims in 1994, Plaintiff's initial DIB claim went without mention and it is unclear whether ALJ Kozma even recognized that this initial denial existed let alone determined whether it would or would not be given preclusive effect.[5] This case will need to be remanded to give the ALJ the opportunity to determine whether this initial denial, reported as existing from a 1990 claim, should be given preclusive effect and if not, whether the entire record concerning Plaintiff's DIB claim which would include evidence from the initial claim, provided it still exists, and the new evidence provided by claimant would warrant a finding that Plaintiff was disabled prior to her date last insured.

Plaintiff makes several arguments in her brief that also must be addressed to determine if other actions must be taken upon remand. Plaintiff first argues that the decision that Plaintiff was not disabled and therefore not entitled to DIB benefits was in error due to ALJ DiCenzo's December 28, 1994 decision regarding Plaintiff's SSI benefits. Plaintiff asserts that ALJ DiCenzo found that Plaintiff was disabled from the period between November 11, 1981 and December 27, 2003. (Pl. Brief at 13-14). Plaintiff essentially argues that the definition of disability for claims of DIB and SSI are statutorily the same and therefore a finding regarding either for the same period of time would preclude a contrary finding on the same issue in a claim for the other. Although Plaintiff asserts that ALJ DiCenzo specifically found that Plaintiff was disabled starting November 11, 1981, this is clearly not the case. Although in once instance in the opinion the ALJ did state that Plaintiff was disabled from November 11, 1981 to December 27, 1993, this was clearly a typographical error. (Pl. Brief, Exhibit "A", p. 5) In the ALJ's official findings of fact and in every other reference to Plaintiff's disability in the opinion, the ALJ clearly stated that Plaintiff was disabled for a distinct period starting on November 18, 1991

---

[5] Even if Plaintiff's Disability Report is mistaken and there was no initial DIB claim denied in 1990, the 1994 ALJ decision was unnecessarily and improperly reopened as it did not deal with the period in question. In an instance where no ruling has been made on a specific time period regarding a claimant's disability, the case must be treated as a new claim. *See Albright v. Commissioner of Social Security*, 174 F.3d 473, 476 (4th Cir. 1999)("a claimant's second and successful applications benefits [is treated] as a claim apart from those earlier filed, at least to the extent that the most recent application alleges a previously unadjudicated period of disability.")

through December 27, 1993. *Id.* at 6-9. Therefore, Plaintiff's reliance on this misstatement is in error as the ALJ's official findings clearly indicate the period of disability did not include the period prior to November 18, 1991.

Plaintiff further argues that this case should be remanded due to the existence of "additional evidence" in the form of the medical records that exist from the claims filed on November 18, 1991 that were then reopened by ALJ DiCenzo and ruled on in December 2004. (Pl. Brief at 15). Plaintiff also argues that a favorable decision from a July 2008 SSI claim is "new evidence." As stated above, ALJ Kozma reviewed the records from Plaintiff's 1991/1994 claims in making his decisions:

> Medical evidence from the earlier claim file shows that the claimant received brief symptomatic treatment for pain associated with a work injury; that she was seen by a gynecologist just after the date last insured, for routine care and for a benign breast mass; that she received care for depression' and that despite various complaints of relatively mild physical and mental symptoms, she did not display significant abnormal objective signs on physical examination and mental status examination. This evidence, moreover, is of little value in supporting the claimant's case in light of the fact that the DiCenzo decision, issued nearly a decade later, established that whatever disability may have been present had ceased.

(R. 23). Although this evidence was discussed, it apparently was not included in the record before this Court. Pursuant to the discussion above, it is the job of the ALJ upon remand to determine whether the initial DIB claim should be given preclusive effect thus foreclosing the review of past evidence. This evidence from the 1991/1994 claim is decidedly not "new" as it was evidence from a prior claim and therefore cannot be the cause of a remand as "new" evidence. Additionally, Plaintiff has in no way shown that any of the records or the decision from her July 2008 SSI claim in any way relate back her date last insured in 1984. *See Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984); *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

Plaintiff also argues that the Administrative Law Judge erred in failing to develop the record at Plaintiff's hearing and denied her constitutional due process rights. (Pl. Brief at 17-21). Specifically, Plaintiff argues that the discussion between her former counsel and the ALJ was

"very difficult to understand," that she was "not given the opportunity to testify thoroughly about her mental and physical impairments," and that "attorney Morgan clearly did not adequately represent her at the hearing." *Id.* Plaintiff is entitled, pursuant to 42 U.S.C. § 405 (b)(1) to a hearing at which witnesses may testify and evidence may be received. *See Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995)("[D]ue process requires that the hearing be fair and full")(citing *Richardson v. Perales*, 402 U.S. 389, 401-402, 91 S.Ct. 1420, 28 L.Ed. 842 (1971)). In Social Security cases, it is the ALJ has a "duty to develop a full and fair record." *Ventura* 55 F.3d at 901 . This duty is "heightened" when a claimant is without counsel. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979), but still exists when a claimant is represented. *See Ventura*, 55 F.3d at 902 (concluding that in a case where the claimant was represented by counsel but the ALJ was biased, that the ALJ's duty to develop the record stems from the non-adversarial nature of social security hearings and for the "beneficent purposes" of the Social Security Act.) Thus, while the claimant bears the burden of providing evidence that the Commissioner "can use to reach conclusions about [the claimant's] medical impairment(s),"20 C.F.R. § 416.912(a), circumstances may arise where the ALJ, when presented with such evidence, may be compelled to develop the record in order to corroborate or discredit the claimant's submissions. An "essential inquiry" for determining when this duty arises "is whether the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." *Gauthney v. Shalala,* 890 F.Supp. 401, 410 (E.D.Pa.1995).

With regard to Plaintiff's arguments in this instance, it is clear that whether Plaintiff is entitled to a new hearing is once again entirely dependent upon the ALJ's treatment of her claims upon remand. Plaintiff testified briefly at the hearing that was held on April 20, 2005 to some of her impairments, but it is unclear from the testimony whether she was testifying to her impairments as they existed at the time of the hearing or her impairments as they existed prior to her date last insured. (R. 342-346). Following the questioning of Plaintiff by her attorney, the ALJ and Attorney Morgan had a long discussion about the lack of medical evidence from the relevant period and the difficulty in obtaining such evidence. (R. 347-350). At the very end of the hearing, Plaintiff testified to her difficulty in obtaining medical records from the relevant time period due to several of her treating facilities being closed and many of her records from the period shredded. (R. 351). The vocational expert that was present at the hearing never testified.

The hearing transcript indicates that Plaintiff was not given the full opportunity to testify regarding her ailments as they existed prior to her date last insured. If Plaintiff's prior DIB claim can be found and is given preclusive effect, Plaintiff would not be entitled to a hearing. However, in a prior filing does not exist or is reopened, it would be the duty of the ALJ to make certain that the case has been fully developed. As stated before, this largely depends on the actions of the ALJ on remand.

As to Plaintiff's claims of ineffective assistance of counsel based on the representation by Attorney Morgan:

> These claims are not cognizable on review of the Commissioner's decision because "there is no principle of effective assistance of counsel in civil cases." *Slavin v. Comm'r,* 932 F.2d 598, 601 (7th Cir.1991); *see also Cornett v. Astrue,* 261 F. App'x 644, 651 (5th Cir.2008) (rejecting a social security claimant's ineffective assistance of counsel claim and noting that "[t]he Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings"). A social security claimant who was represented by counsel of his own choosing cannot at a later time complain that the representation was inadequate. *See Hettinger v. Richardson,* 365 F.Supp. 1245, 1246 (E.D.Pa.1973); *Russell ex rel. Russell v. Chater,* 62 F.3d 1421, at *2 (8th Cir.1995) (unpublished table decision) (holding the social security claimant's argument regarding the ineffective assistance of her retained counsel "not cognizable in this type of action").

*Nelson v. Astrue*, 2008 WL 4078464, *7 (E.D.Pa. 2008). Therefore, Plaintiff's claims relating to her representative by Attorney Morgan were improper.

Plaintiff makes two final arguments: 1) that the ALJ erred when he found that Plaintiff did not have any "severe" impairments and 2) that the ALJ improperly disregarded the medical opinion of Plaintiff's treating and examining physicians. Due to the problems with the decision below, this Court will not address the ALJ's findings upon reopening the 1991/1994 claims as it is unclear how the ALJ was treating Plaintiff's prior DIB claim and whether he reviewed the "entire" record in the case.

After considering all the arguments of Plaintiff, the Court must vacate and remand the decision of the Commissioner under 42 U.S.C. §405 (g).

AND NOW, this 24th day of July, 2009, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is GRANTED insomuch as it requests a remand in this case in a manner not inconsistent with this opinion and defendant's motion for summary judgment is DENIED.

BY THE COURT:

_____, J.

cc:     All Counsel of Record

10